**Hearing Date:  Thursday, November 12, 2015; 11:00am**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

IN RE:                                                                   Case No: 8-12-73526-reg

     **LLOYD LODZA**                                          Chapter 13
     **A/K/A LLOYD T. DHOKWANI**

                        Debtor.
-------------------------------------------------------x


## AMENDED NOTICE OF MOTION TO APPROVE SETTLEMENT OF SECOND MORTGAGE, MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN, AND APPROVE REASONABLE LEGAL FEES FOR THIS APPLICATION


     **PLEASE TAKE NOTICE**, that on Thursday, November 12, 2015 at 11:00 a.m. or

as soon thereafter as counsel can be heard, Debtor LLOYD LODZA A/K/A LLOYD T.

DHOKWANI, by and through his attorneys, the Law Offices of Craig D. Robins, will

move before the Honorable Robert E. Grossman, United States Bankruptcy Judge,

United States Bankruptcy Court, 290 Federal Plaza, Courtroom 860, Central Islip, New

York, or as soon thereafter as counsel may be heard, for an Order approving the

settlement, discounted pay-off and satisfaction of a second mortgage on the Debtors'

real property, modifying his confirmed Chapter 13 Plan pursuant to 11 U.S.C. § 1329,

and for the payment of legal fees for bringing this application.  A Copy of the proposed

order is annexed hereto.

     **PLEASE TAKE FURTHER NOTICE**, that answering papers, if any, shall be filed

with the Clerk of the Court and served upon the undersigned, at least seven (7) days

before the scheduled hearing.  Any objection must also be served on the Office of the

United States Trustee and must comply with Bankruptcy Rule 3015.


**PLEASE TAKE FURTHER NOTICE**, that absent any opposition, the Judge may

sign the annexed proposed Order without further notice.


Dated:          Melville, New York
                October 12, 2015


                                        */s/ Craig D. Robins*
                                        Craig D. Robins, Esq.
                                        LAW OFFICES OF CRAIG D. ROBINS
                                        Attorneys for Debtors
                                        35 Pinelawn Road, Suite 218-E
                                        Melville, New York 11747
                                        (516) 496-0800

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
IN RE:                                                        Case No: 8-12-73526-reg

      **LLOYD LODZA**                              Chapter 13
      **A/K/A LLOYD T. DHOKWANI**

                          Debtor.
-------------------------------------------------------x

## AMENDED MOTION TO APPROVE SETTLEMENT OF SECOND MORTGAGE, MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN, AND APPROVE REASONABLE LEGAL FEES FOR THIS APPLICATION

    **CRAIG D. ROBINS, ESQ.**, an attorney duly admitted to practice law in the State of New York and before this Court, affirms the following to be true under the penalty of perjury:

1. I am the attorney of record for the Debtor, and as such, I am fully familiar with the facts and circumstances of this matter.

## SUMMARY

2. The Debtor has been able to negotiate a substantial discounted settlement of his second mortgage which will save him tens of thousands of dollars. This application seeks court approval of that settlement. The Debtor has proposed a modified plan which provides for the settlement.

3. The Debtor believes the one-time settlement payment, which is coming from a relative, should be made outside the plan.  The Trustee argues that this payment must be made through the plan, ostensibly so the Trustee can reap a commission on the amount of the settlement.

4. The Trustee stated in his limited objection that he does not oppose the settlement.

5. Thus, it appears that ultimate issue in this proceeding is whether this one-time lump-sum settlement payment must be made in a manner that is commissionable to the trustee.

## **BACKGROUND**

6. The Debtor filed a voluntary Chapter 13 bankruptcy petition on May 31, 2012 (the "Petition Date").

7. His Chapter 13 Plan was confirmed on September 27, 2012 by Order of this Court.

8. The Debtor is current with his Chapter 13 plan and his plan provides for full 100% repayment to his unsecured creditors.

9. The Debtor owns the premises commonly referred to as 23 Warwick Road, Elmont, NY 11003 (the "Premises") and resides there as his primary residence.

10. As of the Petition Date, the Premises was valued at $300,000.

11. Upon information and belief the Premises is encumbered by two mortgage liens with Wells Fargo (the "Mortgagee").

12. Based on the proof of claim filed by the First Mortgagee on September 19, 2012, the principal balance on the first mortgage on the Petition Date was $500,177.33.

13. Based on the proof of claim filed by the Second Mortgagee on October 12, 2012, the principal balance on the second mortgage on the Petition Date was $79,795.92.

14. The Debtor filed a Motion ("First Motion") to approve the settlement of his second mortgage on August 28, 2015 and is now bringing this amended application because the trustee, Michael J. Macco (hereinafter "Trustee") insisted that the hearing date on the First Motion be held on a different date.

15. The Trustee also filed limited opposition.  The Trustee stated that he does not oppose the settlement.  However, he argues that the payment should be made through the plan, and that the First Motion did not reference the proof of claim with an outstanding balance. This amended application will therefore clarify Debtor's position and address the limited opposition filed by the Trustee.  The Amended Motion also sets forth a different hearing date that is agreeable to the Trustee.

## SETTLEMENT OF THE DEBTOR'S SECOND MORTGAGE IS IN THE DEBTOR'S BEST INTEREST AND WILL NOT PREJUDICE HIS CREDITORS

16. On July 29, 2015, the Debtor received a settlement offer from the Mortgagee to settle the second mortgage lien under the terms outlined below and more fully in the Settlement Letter drafted by the Mortgagee annexed hereto as **Exhibit "A."**

17. Wells Fargo has agreed to accept one lump sum payment of $15,000 in consideration of a full release and satisfaction of the Debtor's second mortgage.

18. Mortgagee has agreed that, in the event this Court grants the within application, Mortgagee shall amend its Proof of Claim upon receipt of the lump sum payment from the Debtor, as the arrears are included in the payment agreement the debtor previously entered into with the Mortgagee.

19. The Debtor's family members will be assisting Debtor by providing the settlement payment which will save Debtor approximately $60,000.

20. As the remaining creditors are being paid in full over the duration of the Chapter 13 Plan, they will not be prejudiced by this settlement.

21. In addition, the settlement will eliminate one of the largest creditors and eliminate some of the negative equity in Debtor's primary residence.

22. This settlement shall not be construed as a violation of the automatic stay.

## PAYMENT OF THE SETTLEMENT SHALL BE MADE OUTSIDE THE DEBTOR'S CHAPTER 13 PLAN

23. The Trustee, in his limited opposition, argues that the Debtor should pay this one-time, lump-sum settlement payment into the plan.  However, the Trustee does not offer any reason for doing so or statutory or case law support.  Debtor respectfully disagrees with the Trustee's position that the settlement should be paid through his Chapter 13 Plan.  Doing so would require the Debtor to pay approximately ten percent of the settlement amount as a trustee's commission in addition to the settlement itself.  That would require the Debtor to pay into the

plan an additional $1,500 which would go to the Trustee as a commission.  This would be grossly unjust for a number of reasons.

24. This Court is undoubtedly aware of the difficulties that homeowners have had since the recessionary period of 2007 to 2008.  Since that time, due in large part to pressures and mandates that authorities have placed on lenders because of mortgage lending misconduct, lenders have become receptive to assisting homeowners by modifying mortgages in various ways.   There have also been several multi-billion dollar settlements which require lenders to write off extensive amounts of mortgage debt, which some lenders have done by accepting significantly-discounted pay-offs.

25. In the instant case, the lender has done just that.  It has offered the Debtor an opportunity to cure its mortgage arrears by enabling the debtor to enter into a heavily-discounted lump-sum settlement to fully satisfy the mortgage.

26. Permitting the trustee to profit from this would amount to an unfair windfall.

27. Courts generally have discretion to permit debtors to make payments to secured creditors outside the plan.   *Mendoza v. Temple-Inland Mort'g. Corp.* (In re Mendoza) 111 F.3d 1264 (5th Cir. 1997)(designation of debtor as disbursing agent is left to discretion of bankruptcy court); *In re Lopez*, 372 B.R. 40 (B.A.P. 9th Cir. 2007), adopted 550 F.3d 1202 (9th Cir. 2008)(discussing different practices).

28. Some courts have required Chapter 13 debtors to make their monthly mortgage payments through the plan.  See *In re Miles*, 415 BR 108.  In ascertaining whether debtors should be required to make such direct payments, some courts have developed detailed criteria, including whether the debt is modified by the plan, the sophistication of the creditor, the ability and incentive of the creditor to monitor payments, whether the debt is a commercial or consumer debt, the ability of the debtor to reorganize absent direct payment, whether the payment cannot be delayed, the number of payments proposed to satisfy a claim, whether a direct payment by a debtor under the plan would impair the standing trustee's ability to perform his or her duties, and any unique or special circumstances of a particular case.  *In re Breeding*, 366 B.R. 21 (Bankr. E.D. Ark 2007)(citing In re *Gregory*, 143 B.R. 424 (Bankr. E.D. Tex. 1992).

29. However, the payment here is a one-time, lump-sum payment.  This is to be distinguished from the regular monthly payments that the above courts have expressed concern as to whether a debtor is responsible to make a series of important payments on their own.  There should be no concern as to whether the Debtor will be responsible enough to make a series of payments as this settlement calls for just one payment.

30. In our district, the customary practice utilized by all Chapter 13 debtors is to pay current monthly mortgage payments directly to the creditor outside the plan.  Here, the Debtor is essentially proposing to pay all future mortgage payments, in one-lump sum, outside the plan.

31. The second mortgagee, Wells Fargo, who is actively working with the Debtor to institute the settlement, certainly has no objection to the Debtor making the payment directly to them outside the plan and initially anticipated that this is how the settlement would be paid.

32. As the settlement payment constitutes a one-time, lump-sum payment, there is no need for the Trustee to monitor any future such payments, another factor that weighs against requiring the Debtor to make the settlement payment through the plan.

33. The settlement agreement requires the Debtor to pay the settlement to the Mortgagee by a certain date, which is November 15, 2015.  If the Debtor were required to pay the settlement into the plan, the time for the trustee to process the payment and then issue a distribution check to the mortgagee could take many months, by which time the settlement offer would have long expired.

34. All of the work and effort to negotiate and obtain the settlement has been done by the Debtor and your affirmant's law firm.  The Trustee has not done anything whatsoever to assist in any part of the settlement process other than to insist that the payment be made through the plan so that the Trustee can ostensibly profit by taking a trustee's commission.

35. Furthermore, the Confirmed Chapter 13 Plan (the "Plan"), which was amended by Court Order dated February 5, 2015, clearly states that "[t]he Debtor shall make all post-petition payments, including but not limited to mortgage payments…*outside* the plan." (Emphasis added).

36. The proposed settlement of the Debtor's second mortgage is a post-petition payment. The remaining balance on the underlying note was not due and owing at the time the Debtor filed his Chapter 13 petition. If it was, it would have been part of the second mortgagee's proof of claim. Paying the Trustee on part of this obligation would result in substantial overcompensation.

37. One can only assume that the Trustee is seeking payment through the plan to collect on the additional Trustee commission as more debt would then be paid out through the plan. As previously indicated, the Trustee has not offered any rationale or reason in his limited opposition as to why the Debtor should pay the settlement payment through the plan.

38. The Debtor is already pledging his disposable income to the Trustee and is relying on funds from relatives to settle the second mortgage. As the settlement is coming from the Debtor's relatives, the Trustee has no right to seek additional funds from these relatives to cover the Trustee fee in addition to the settlement. Doing so would be tantamount to taxing the settlement, a concept this Court should abhor.

39. The Trustee has no basis to request the settlement payment be paid through the plan. In fact, what the Trustee is seeking runs counter to the plain language of the Plan and would result in an unfair windfall to the Trustee, not to mention a great burden on the Debtor.

40. As indicated in *Mendoza*, courts have discretion to permit debtors to make payments outside of the plan. It is respectfully submitted that the facts in this

case call for this Court to exercise its discretion and authorize the Debtor to make the settlement payment directly to the creditor outside the plan.

41. Neither the mortgagee, nor any other creditor, would be prejudiced by the Debtor paying this settlement outside the Plan, as the Plan provides for full 100% payment on pre-petition debt.

## THE DEBTOR'S CHAPTER 13 PLAN MUST BE AMENDED AS A RESULT OF THE SETTLEMENT OF THE DEBTOR'S MORTGAGE

42. Should this Court approve the settlement of the Debtor's second mortgage, his confirmed Chapter 13 Plan must be amended to reflect this, and remove the language providing for repayment of mortgage arrears to the second mortgagee.

43. The Trustee is currently making distributions from the Debtor's Chapter 13 payments to the second mortgagee to cure $7,964.75 of mortgage arrears.

44. As of September, 2015, there was an outstanding balance of $2,750.96 owed to the second mortgagee.

45. Upon the approval of the settlement and receipt of settlement funds, Debtor's second mortgagee shall withdraw its proof claim, identified as claim number 3 filed on October 8, 2012.

46. In addition, upon the approval of the settlement, the Trustee shall cease making payments to cure the mortgage arrears listed on the confirmed plan.

47. Annexed hereto as **"Exhibit B"** is the proposed Second Amended Chapter 13 Plan" that removes the second mortgagee as a creditor.

48. Again, this settlement is in the Debtor's best interest as it will eliminate a lien on his primary residence (which is significantly underwater) and eliminate a monthly obligation making it easier for him to meet his remaining obligations, including his continuing Chapter 13 plan payments.

49. Furthermore, to reiterate, no creditors will be prejudiced by the settlement or amended plan, as all remaining creditors shall be paid in full over the duration of the plan.

## DEBTOR'S COUNSEL IS ENTITLED TO REASONABLE LEGAL FEES FOR BRINGING THIS APPLICATION

50. The Debtor has agreed to pay a legal fee of $750 for the work your Affirmant's firm engaged in with regard to this settlement.  This includes communicating with the Debtor and mortgagee, bringing this application to amend the plan post-confirmation and approve the settlement, appearing on the hearing date, and obtaining a court order.  It is your Affirmant's understanding that this fee will also be paid by Debtor's relatives, and not Debtor.   Affirmant seeks approval for Debtor to pay this fee outside the plan at the time Debtor satisfies the mortgage.

51. This fee covers the First Motion, the instant application the appearance in Court on November 12, 2015 on the instant application.

**IT IS RESPECTFULLY REQUESTED THAT THIS COURT MAKE AN
IMMEDIATE RULING ON THIS ISSUE AS THE SETTLEMENT AGREEMENT
EXPIRES TWO DAYS AFTER THE HEARING DATE.  IT IS ALSO
RESPECTFULLY REQUSTED THAT THE COURT, AT A LATER DATE, ISSUE
A WRITTEN DECISION AS THIS ISSUE AFFECTS A GREAT NUMBER OF
DEBTORS BEFORE THIS COURT**

52. The agreement Debtor negotiated with Wells Fargo to satisfy the second
mortgage for a highly-discounted amount requires the Debtor to provide Wells
Fargo with the payment by November 15, 2015, which is two days after the
hearing on this motion.

53. Accordingly, time is of the essence to make this payment.  Debtor respectfully
requests the Court to issue an immediate order authorizing the Debtor to make
such payment.  A copy of that order is annexed hereto.

54. The issues affecting the Debtor in this case are not uncommon and affect a
number of debtors in our jurisdiction.  Many debtors have opportunities to
negotiate reduced pay-outs with their mortgagees and indeed do so.
Accordingly, the issue of whether a chapter 13 debtor must make a lump sum
settlement payment through the plan or not is one that has previously arisen a
number of times and will continue to arise.  Upon information and belief, without
any written decisions from the bankruptcy judges in our district, some debtors
have capitulated to the demands of the Chapter 13 trustee that such payments
be made through the plan.

**55.** It is respectfully suggested to the Court that this issue is of such importance that
the Court consider issuing a written opinion.  This would enable debtors who
have the opportunity to negotiate a reduced mortgage pay-out to know what they

can expect, and it would also enable their attorneys to provide appropriate representation.

**WHEREFORE,** the Debtor respectfully requests that this Court grant an Order approving the settlement of the Debtor's second mortgage, modifying the Debtor's confirmed Chapter 13 Plan which provides for payment of the lump-sum settlement outside the plan, and approving payment of the legal fee to Debtor's counsel for bringing this application, and for such other and further relief as the Court may deem just and proper.

Dated:      Melville, New York
            October 12, 2015

                              */s/ Craig D. Robins*
                              Craig D. Robins, Esq.
                              **LAW OFFICES OF CRAIG D. ROBINS**
                              Attorneys for Debtors
                              35 Pinelawn Road, Suite 218-E
                              Melville, New York 11747
                              (516) 496-0800

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
IN RE:                                                                     Case No: 8-12-73526-reg

      **LLOYD LODZA**                                       Chapter 13
      **A/K/A LLOYD T. DHOKWANI**

                              Debtor.
-------------------------------------------------------x

### ORDER APPROVING SETTLEMENT OF SECOND MORTGAGE, MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN, AND APPROVE REASONABLE LEGAL FEES FOR THIS APPLICATION

UPON the Motion of LLOYD LODZA, A/K/A LLOYD T. DHOKWANI, the Debtor herein, by and through his attorneys, the LAW OFFICES OF CRAIG D. ROBINS, for an Order approving an offer to settle the second mortgage lien on the Debtor's premises located at 23 Warwick Road, Elmont, NY 11003, which was attached as **Exhibit "A"** to the Debtor's Motion, modifying the Debtor's confirmed Chapter 13 Plan pursuant to 11 U.S.C. § 1329, and approval of reasonable legal fees for this application; and

WHEREAS proper notice having been served upon the parties in interest, and no opposition having been heard, and after giving due deliberation, and sufficient cause appearing therefore, it is

ORDERED, that the parties may enter into the settlement agreement, and upon it being fully executed, it shall be binding on the Debtor and Mortgagee, and it is further

ORDERED, that the Debtor's application to modify his confirmed Chapter 13 Plan, be, and the same is granted, and it is further

ORDERED, that the Debtor's Amended Chapter 13 Plan dated October 12, 2015 and identified under Docket Entry Number __, is hereby confirmed; and it is further

ORDERED, that the Trustee is hereby directed to cease any and all payments to Debtor's second mortgagee Wells Fargo with respect to claim number 3-1 on the Court's Claims Register; and it is further

ORDERED, that Debtor is permitted to pay legal fees to Debtor's counsel for bringing this application in the sum of $750 with payment to be made outside the plan and at the time Debtor settles the second mortgage.


Consented to by the Chapter 13 Trustee:


_____

Michael J. Macco, Trustee

# EXHIBIT A



**Wells Fargo Bank, N.A.**
1 Home Campus
MAC X2303-033
Des Moines, IA 50328-0001

August 27, 2015

LLOYD DHOKWANI
23 WARWICK RD
ELMONT, NY 11003-1425

RE: Account Number: ███████1998 ;
    Property: 23 WARWICK RD ELMONT, NY 11003

Dear Borrower(s):

Thank you for contacting Wells Fargo about the status of the above-referenced Account and Wells Fargo's lien on the real property that serves as collateral for the Account. As you know, as a result of receiving a discharge in connection with your recent bankruptcy filing, you are no longer responsible for repaying the balance on the Account to Wells Fargo. However, even though you are no longer liable for repaying the balance on the Account, you understand that Wells Fargo continues to have a valid lien on your real property and that Wells Fargo may, under certain circumstances, enforce its lien against the property.

You recently contacted Wells Fargo to determine whether Wells Fargo would consider releasing its lien on your real property in return for a voluntary, one-time, lump sum payment. This letter will confirm that if you decide to make a voluntary, one-time, lump sum payment of $15,000.00 (the "Voluntary Payment") to Wells Fargo, then Wells Fargo will agree to release its lien on your real property.

This offer expires on November 15, 2015.

Please Note: In the event you have not yet received your bankruptcy discharge, or you have received your discharge but the automatic stay is still in effect, you may be required to obtain a bankruptcy court order approving the Voluntary Payment pursuant to this agreement. If court approval is required, you will be required to obtain the court approval before making the Voluntary Payment.

If you decide to send the Voluntary Payment to Wells Fargo, then please make sure the Voluntary Payment is in the form of a cashier's check, certified check or money order. Checks and money orders should be made payable to Wells Fargo Bank, N.A. and can be mailed to:
    Wells Fargo Home Equity
    1 Home Campus
    MAC X2303-033
    Des Moines, IA 50328-0001

You may also send the funds via wire transfer to:
    Wells Fargo Bank, N.A.
    420 Montgomery Street
    San Francisco, CA 94104
    Account Number: 4121704191
    Routing Number: 121000248
Please follow the attached Incoming Wire Instructions.

Once Wells Fargo receives the Voluntary Payment, then Wells Fargo will satisfy the mortgage or re-convey the deed of trust on the real property that serves as collateral for your Account.

Thank you for your cooperation. If you have any questions, or if you have difficulty reaching your single point of contact, please contact Wells Fargo Home Equity at 1-866-970-7821, Monday-Friday, 8am-6pm CST.

Sincerely,

Richard Coggeshall.
Home Equity Group
1-866-970-7821, Ext: 49053

Settlement Filer Letter

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

In re:

**LLOYD LODZA**

Debtor(s).

-----------------------------------------------------------------x

Chapter 13

Case No.: 8-12-73526-reg

**SECOND AMENDED**
# <u>CHAPTER 13 PLAN</u>

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee, and the debtor(s) shall pay to the Trustee for a total of 60 months, the sum of:

   **$805**      commencing **June 2012** through and including
   **May 2017** for a period of **60** months;

2. From the payments so received, the trustee shall make disbursements as follows:

   [a]    [1]    Full payment of all claims that are <u>**administrative priority**</u>: **$1,281** to Craig D. Robins.

          [2]    Full payment of all claims entitled to **priority** under 11 U.S.C. Section 507: None.

   [b]           Holders of allowed <u>**secured claims**</u> shall retain the liens securing such claims and shall be paid as follows:

                 **Wells Fargo Home Mortgage** who holds a first mortgage on Debtor's home located at 23 Warwick Road in Elmont, New York 11001 under account number xxxx-5523, is due arrears in the amount of **$41,133**.

                 **Wells Fargo Bank, N.A.** holds a second mortgage on Debtor's home located at 23 Warwick Road in Elmont, New York 11001 under account number xxxx-3319.  Creditor has agreed to accept a sum of $15,000 in full satisfaction of this mortgage. Debtor shall pay settlement <u>**outside**</u> of this Chapter 13 Plan.  Creditor shall withdraw it's proof of claim (Claim Number 3) upon receipt of settlement funds and Trustee shall not make any further payments to this creditor.

   [c]           Subsequent and/or concurrently with distribution to secured, priority,

and administrative creditors, dividends to **unsecured creditors** whose claims are duly allowed as follows: **PRO RATA distribution to all timely filed proofs of claim of not less than 100% (percent)**

3.    The Debtor shall make all post-petition payments, including but not limited to mortgage payments, vehicle payments, real estate taxes and income taxes, outside the plan.

## JUNIOR MORTGAGE LIENS TO BE AVOIDED

4.    There are no junior mortgage liens to be avoided.

5.    All lease agreements are hereby assumed, unless specifically rejected as follows: None.

6.    During the pendency of this case, if unsecured creditors are paid, pursuant to paragraph 2(c) ,less than one hundred percent (100%), the debtors(s) shall provide the Trustee with signed copies of filed federal and state tax returns for each year no later than April 15th of the year following the tax period.  Indicated tax refunds are to be paid to the Trustee upon receipt; however, no later than June 15th of the year in which the tax returns are filed.

7.    Title to the debtor(s) property shall revest to the debtor(s) upon completion of the plan or dismissal of the case, unless otherwise provided in the Order confirming the plan.  Throughout the term of this plan, the debtor(s) will not incur post-petition debt over $2,000.00 without written consent of the Chapter 13 Trustee or the Court.

_____

/S/ LLOYD LODZA_____

_____
Debtor

/S/ CRAIG D. ROBINS

_____
**CRAIG D. ROBINS, ESQ.**
Attorney for the Debtor

Dated: 10/12/2015